Rev. 5/2019

# United States District Court

### Middle District of Florida
### Fort Myers Division

_Jeramy Michael Holder_

_(In the space above enter the full legal name of the plaintiff)_

-against-

_William G. Prummell, Sheriff;_
_Charlotte County Jail;_
_Charlotte County Municipality, et al._

_(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section IV. Do not include
addresses here.)_

Case No. _2:23-cv-847-JLB- NPM_

(To be filled out by Clerk's
Office only)

## COMPLAINT

_(Pro Se Confined Litigant)_

Jury Demand?
☐ Yes
☒ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should _not_
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include _only_: the last
four digits of a social security number; the year of an individual's birth; a minor's initials; and
the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.**

Rev. 5/20

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se confined litigants challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Holder, Jeramy M.
Name (Last, First, MI)                                    Aliases

JCA Number 28567
Identification #

Charlotte County Jail
Place of Detention

26601 Airport Rd.
Institutional Address

Charlotte County, Punta Gorda, FL 33982
County, City                          State              Zip Code

## III. STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☒ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

Rev. 5/20

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    William G. Prummell
_____
Name (Last, First)

Sheriff
_____
Current Job Title

7474 Utilities Road
_____
Current Work Address

Charlotte County, Punta Gorda, FL 33982
_____
County, City                    State            Zip Code

Defendant 2:    Charlotte County Jail
_____
Name (Last, First)

_____
Current Job Title

26601 Airport Rd.
_____
Current Work Address

Charlotte County, Punta Gorda, FL 33982
_____
County, City                    State            Zip Code

Rev. 5/20

**Defendant(s) Continued**

Defendant 3: Charlotte County Municipality
Name (Last, First)

Charlotte County Commissioners
Current Job Title

18500 Murdock Circle, #536
Current Work Address

Charlotte County, ~~Port Charlotte, FL~~ Port Charlotte, FL 33948
County, City                State                Zip Code

Defendant 4: _____
Name (Last, First)

_____
Current Job Title

_____
Current Work Address

_____
County, City                State                Zip Code

**[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]**

Rev. 5/20

## V.    STATEMENT OF CLAIM

Place(s) of
occurrence:    Charlotte County Jail, 26601 Airport
Rd., Punta Gorda, FL 33982.

Date(s) of occurrence:    See paragraph four (4) in 'Section IV', below.

State which of your federal constitutional or federal statutory rights have been violated:

Claim 1 - First Amendment Right to Freedom of Speech.
Claim 2 - First Amendment Right to Access the Courts.

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each
defendant was personally involved in the alleged wrongful actions, state whether you were
physically injured as a result of those actions, and if so, state your injury and what medical
attention was provided to you. All facts shall be set forth in separately numbered paragraphs.
See Fed. R. Civ. P. 10(b).*

FACTS:    FACTS OF THE CASE

1) 'In the instant-complaint', 'the Plaintiff has had a
total of ~~thirteen~~ (16) pieces of his legal mail
confiscated' "under duress", 'and unlawfully kept
out of his control and possession', 'intentionally',
'by the' 'Charlotte County Jail' 'as a direct result of
the Charlotte County Jail's' 'unconstitutional
"Legal Mail Policy" and procedure' 'that is used
in the handling and processing of' 'all' 'inmates'
incoming legal mail', 'while said inmates are
incarcerated under the care and custody of the
Charlotte County Jail'.

> What
> happened to
> you?

2) 'The unlawful confiscation of the Plaintiff's ~~thirteen~~
(16) pieces of' 'privileged' "legal mail" 'was committed
by four (4) unnamed clerks who are employed by
the Charlotte County Sheriff Office and work at the

Rev. 5/20

~~good~~ jail in its "Programs Department".

3) Every single, last piece of the ~~thirteen~~ Sixteen (16) pieces of the Plaintiff's legal mail that was confiscated "in the instant-complaint", "were pieces of" "privileged" 'legal mail' "that pertained to open and active court cases that involved the" "Plaintiff" "as a party therein" "and the Defendants" "as opposing parties of interest thereto".

Who did what?

4) "The exact dates for which the unlawful and unconstitutional confiscation of the Plaintiff's legal mail occured", "are as follows": (1) 'April 24, 2023'; (2) 'May 3, 2023'; (3) 'May 12, 2023'; (4) 'May 23, 2023'; (5) 'May 31, 2023'; (6) 'June 6, 2023'; (7) 'June 19, 2023'; (8) 'June 29, 2023'; (9) 'August 18, 2023'; (10) September 1, 2023'; (11) 'September 8, 2023'; (12) September 13, 2023'; and, (13) September 22, 2023'.

5) 'On May 12, 2023', 'the Plaintiff', 'along with two (2) other inmates', 'was escorted from his assigned housing unit in the Charlotte County Jail by a programs clerk', 'for a legal mail call-out', 'to the jail's' "Programs Department" 'to take part in the Charlotte County Jail's legal mail confiscation process', 'as a part of the' 'Charlotte County Jail's' "unconstitutional" "Legal Mail Policy', 'that has been instituted at', 'and by', 'said jail' 'as a part of its' "going digital initiative". 'Said policy and initiative dates back to the year' '2018' "making said

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Rev. 5/20

policy', 'a long standing practice', 'After arriving at said department', 'said clerk began to explain the jail's 'Legal Mail Policy to the Plaintiff and the other two (2) inmates' (said inmates are witnesses in the instant-complaint'), 'detailing each step of the jail's confiscation process', 'and followed up by also explaining the policy and process for obtaining access to confiscated legal mail for litigation purposes'.

> Was anyone else involved?

'Said legal mail handling and confiscation process was explained as follows';

(1) 'Mail was to be opened and inspected for contraband in the presence of the receiving inmate and video recorded'- 'inmate was prohibited from reading said mail and was only present to verify identity as recipient on video'; (2) 'mail was to be scanned into digital format in the presence of inmate and video recorded'; (3) 'a digital version of mail was to be uploaded to a legal mail application that would be available on the inmates' electronic tablet device and was to serve as the "only' 'point of access' 'for the inmate to have' 'any' 'access' ('but not control') 'of said mail'; (4) 'original mail was to be resealed in original envelope' 'and secured with' 'clear packaging tape' ('not with tamper-proof repackaging') 'in presence of inmate while recorded on video'; and, (5) 'confiscated', 'original', 'resealed mail' 'was to be placed into inmate's stored

Rev. 5/20

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

'The Plaintiff seeks declaritory relief against the Defendants for their unconstitutional Legal Mail Policy', 'and further seeks' 'compensatory' 'and' 'punitive' 'damages' 'for each count of the Defendants'' 'knowing and willful' 'violation of the Plaintiff's Civil Rights', 'herein'.

Respectfully Submitted..

Rev. 5/20

## VIII.  LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### ALL LITIGANTS MUST ANSWER:.

Have you to date brought any other lawsuits in state or federal court while    ☐ Yes    ☒ No
a confined?

      If yes, how many?  _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Current open and active litigation includes the following criminal and collateral criminal cases:

Charlotte County Circuit Court:

23-0749T, 23-150 CA, 23-1879CA.

Florida Sixth District Court of Appeal:

6D23-2489, 6D23-2709, ~~6D23-2892~~, 6D23-3342.

United States District Court, Middle, Fort Myers:

2:23-cv-784-SPC-NPM (habeas).

Rev. 5/20

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

October 3, 2023.
Dated                                          Plaintiff's Signature

Holder, Jeramy M.
Printed Name (Last, First, MI)

JCA # 28567
Identification #

Charlotte County Jail , Punta Gorda, FL  33982
Institutional Name                City                State        Zip Code

## Section V

property ', 'and kept outside of inmate's control and possession until said inmate becomes released from the Charlotte County Jail's custody'.

'The jail's legal mail process for inmates obtaining physical copies of their''confiscated legal mail''for litigation purposes was explained by said programs department clerk as follows':

(1)'Inmate was to submit an inmate request to the Programs Department Supervisor, giving specific reasons for why the inmate needs physical copies of "his" or "her" confiscated legal mail', 'and was to provide the exact date for when said confiscated legal mail was needed'; (2)'said supervisor was to review said request and then make their determination on whether the inmate's request was to be denied' ('arbitrarily and unconstitutionally blocking "meaningful" access to courts') 'or approved' ('unlawfully and unconstitutionally "impeding""meaningful" access to the courts').

6) 'On April 24, 2023', 'the Plaintiff was placed on the Programs Department's legal mail call out to take part in the above-described "Legal Mail Policy" process' (outlined in paragraph five (5) above'), 'as a result of the Plaintiff having received privileged legal mail from the Charlotte County Circuit Court'. 'Said privilaged legal mail was an order from the circuit court judge','for case number 23-1508CA', 'dismissing the Plaintiff's petition for writ of habeas corpus in same'. 'During said legal mail call-out', 'the Plaintiff gave NOTICE to the programs department clerk' 'of the Plaintiff's intention to appeal the above-mentioned order immediately', 'and requested that the clerk furnish the Plaintiff with', 'either the original order','or a copy thereof', 'for the purpose of enabling the Plaintiff to be able to attach said order to a "Notice of Appeal" that the Plaintiff intended to file later that same night (via mail)'.

'During said call-out', 'Said clerk informed the Plaintiff (for the first time) that the Plaintiff was not allowed to have control or possession of his privileged legal mail' 'while incarcerated in the Charlotte County Jail','unless the Plaintiff was to become "acknowledged" as pro se','by the jail', 'and that the Charlotte County Jail', 'as a part of its "Legal Mail Policy", 'was confiscating

the Plaintiff's order from the circuit court' ('and any future legal mail'), 'until such time as the Plaintiff was to be released from the jail's custody'.

'In reply to the clerk's unconstitutional instructions', 'the Plaintiff gave said clerk NOTICE that he was' 'in fact', 'ligitimately and lawfully pro se in the petition that was dismissed in the order being confiscated 'unlawfully' 'by the programs department clerk' 'in violation of the Plaintiff's right to freedom of speech' 'and his right to access of the courts without being unduly blocked or frustrated by the arbitrary and prejudicial actions of government 'state actors'. 'The Plaintiff further informed the clerk that they could verify his pro se status', 'simply by reviewing the face of the order she was confiscating', 'as it specifically stated and acknowledged that the Plaintiff was 'in fact' 'representing himself pro se in said petition'. 'See' Exhibit 'A'. 'In response', 'the programs department clerk refused to verify', 'from the face of said order', 'the circuit court's own acknowledgement of the Plaintiff's pro se status, 'and further refused to furnish the Plaintiff with at least a photocopy of the circuit court's order', 'so that the Plaintiff could comply with the law', 'as set forth in' 'Fla. R. App. P., Rule 9:110 (d) (2023)', 'by

attaching said order to the Plaintiff's 'Notice of Appeal' 'as is prescribed by said rule'.

7) 'On April 24, 2023', 'the Plaintiff submitted' <u>Inmate Request Number 15,176,523</u>', 'to the Classification Department for the Charlotte County Jail', 'informing and giving NOTICE to said department', 'of the Plaintiff's Constitutional right of self-representation and his Constitutional right to "meaningfully" access the courts in said self-representation therein'. 'NOTICE was further given to said Classification Department' 'that the Charlotte County Jail's Programs Department was violating said rights' "by and through the Programs Department's unlawful confiscation of an order from the circuit court', 'wherein the court dismissed the Plaintiff's petition for writ of habeas corpus', 'that was personally addressed to the Plaintiff and sent to him at the jail'.

<u>'In said request', 'the Plaintiff stated as follows'</u>:

"
I just received an order from the court in legal mail today. It is a non-final order dismissing my pro se petition and for which I am needing to appeal it to the Second District Court of Appeals. I have been informed by programs that I'm not allowed to actually possess my legal mail physically and it can only be accessed on my

tablet. This is a blatant denial of my right to access the courts. An appeal requires that a non-final order being appealed be attached to the appeal for review. The administration of how this jail handles mail completely frustrates any attempt for an inmate to have legally sufficient access to the courts, as a litigant's access of the courts for redress of grievances requires the use of prior court case records be used as exhibits in their pleadings. Furthermore, I have been waiting on programs to respond to an unrelated request and have to wait 3 days before submitting another request, requesting a physical copy of the judges order necessary for my appeal to be submitted for review and approval just so I can maybe be furnished with copies that are mine to personally hold as a matter of a God-given and Constitutionally-protected right. This is in effect only a forced delay in accessing the courts, and injuriously effects me by causing the tolling of my time for making an appeal."

8) 'On April 24, 2023', 'Mrs. L. Yeargin responded to' 'Inmate Request Number 15,176,523', 'stating'*: "<u>This is not a Classification request</u>"'.

9) 'On May 24, 2023', 'the Plaintiff submitted a request to the

Charlotte County Jail's Programs Department' ('<u>Inmate Request Number 15,511,619</u>'), 'as instructed by the clerk in 'paragraph 5', 'above', 'requesting physical copies of the Plaintiff's confiscated legal mail', 'that was confiscated as a direct result of the Charlotte County Jails "Legal Mail Policy", on May 12, 2023'. 'The Plaintiff', 'in said request', 'explained to the Programs Department that his need for obtaining copies of his original legal ~~legal~~ mail was for the purpose of "meaningfully" supporting the Plaintiff's appeal in 6DCA case number 6D23-2709'. 'The Plaintiff explained "his" need in said request' ('Inmate Request 15,511,619'), 'in detail', 'giving said programs department prior NOTICE of the Plaintiff's intention to exercise "his" First Amendment right to meaningfully access the courts', 'and therein', ' "HIS RIGHT" to control and possess "his" unlawfully', 'under color of state law', 'confiscated legal mail'.

'On May 25, 2023', 'a clerk from the jail's programs department responded to 'Inmate Request Number 15,511,619' 'stating: <u>This is not a programs issue, we do not keep your legal mail please contact property</u> "',

10) 'The Plaintiff, on May 26, 2023', 'submitted <u>Inmate Request Number 15,535, 315</u>', 'to the jail's Property Room Department

and requested physical copies of "his" legal mail for litigation in "his pro se" appeal', 'clearly explaining his need for using said legal mail in said appeal'.

'On May 26, 2023', 'a clerk from the jail's Property Room Department responded to said Inmate Request Number 15,535,315', 'stating:

"Item will be pulled but you will have to pay for copies unless you are Pro Se. You must have money in your account before they will get you to make copies. Your attorney has copies and you have it on your tablet already"'.

'As a result of the Plaintiff not possessing funds in his inmate trust fund account for paying the jail to be afforded the right to possess "his legal mail"', 'Inmate Request Number 15,535,315 'was' unofficially denied' 'by Property Room Department Clerk', 'Ms. J. Thompson', 'and forwarded to Mr. A. Burrows', 'a clerk with the jail's Programs Department', 'turning Inmate Request Number 15,535,315 into nothing more than the 'Charlotte County Jail's' Official Run-Around-Inmate-Request' process', 'used intentionally to deny the Plaintiff of his 'Constitutionally-protected rights', 'all while keeping up an appearance of affording

the Plaintiff due process in the "meaningless" answering of his inmate request' ('The Plaintiff's right to administrative redress of grievances').

'On June 1, 2023', 'Mr. A. Burrows violated the Plaintiff's First Amendment right to "meaningfully" access the court', 'as pertains to the Plaintiff's pro se appeal' ('case number 6D23-2709'), 'by denying Inmate Request Number 15,535,315', 'and therein', 'intentionally' ('arbitrarily') 'denying the Plaintiff his right to control and possess "his legal mail", and his right to have "meaningful" access to litigating "his appeal" in the above-named case'. 'In his denial of Inmate Request Number 15,535,315', 'Mr. A. Burrows', 'stated: <u>"Disapproved/your legal mail has already been scanned onto your tablet"</u>'.

11) 'The Plaintiff represents himself pro se' in the following court cases':

(1) '23-1508CA, Charlotte County Circuit'; (2) '23-1879CA, Charlotte County Circuit'; (3) '6D23-2489, 6DCA'; (4) '6D23-2709, 6DCA'; (5) '6D23-2892, 6DCA mandamus petition - issued but not obeyed (issued 9/18/2023'); and, (6) '6D23-3342, 6DCA'.

'NOTICE of the above-listed cases', 'and the Plaintiff's self-representation therein', 'was given to' ~~them~~ 'the 'Programs Department', 'the Property Room Department', 'and the Classification Department', and therein, to 'the Charlotte County Jail', 'and to' 'all of the Defendants in the instant-complaint', 'on numerous occasions', 'and their acknowledgement of said pro se status', 'and treatment as same', 'was intentionally denied and frustrated by the Defendants', 'completely ignoring the Plaintiff's pro se status', 'knowingly and willfully', 'until approximately two (2) months ago'. 'Said belated pro se acknowledgement and treatment of the Plaintiff by the Defendants', 'was injuriously given' 'long after the majority of the above-listed court cases had been initiated and litigated fully by the Plaintiff', 'making said belated acknowledgement and treatment' 'completely' 'meaningless'.

12) 'In the instant-complaint', 'the Plaintiff has made and submitted numerous inmate requests', 'requesting "permission" to obtain "his legal mail" for litigation purposes', 'in order that the Plaintiff may "meaningfully" access the courts in several open and active court cases for which he represents himself pro se'. 'The Plaintiff has been arbitrarily denied the jail's' ~~asked~~ 'acknowledgement',

'treatment', 'and assistance' 'as a pro se litigant in all of these said requests', 'and said arbitrary denial of the Plaintiff's request for', 'and right to obtain' 'control and have possession' 'of "his legal mail"' 'is the approximate cause of the Plaintiff' 'sustaining' 'actual injury' 'in the instant-complaint'.

13) 'On July 1, 2023', 'the Plaintiff sustained' 'actual injury' 'to the Plaintiff's First Amendment right to access the court in appellate' 'case number 6D23-2709', 'as a direct result of the' 'Defendants' 'confiscating and withholding' 'the Plaintiff's legal mail', 'and refusing to give the Plaintiff' 'control and possession' 'of "his" legal mail for the purpose of litigating the above-named case'.

'Said actual injury occured when the 6DCA issued an' 'Order to Show Cause' 'against the Plaintiff', 'ordering the Plaintiff to show cause why the appellate court should not dismiss said case for lack of jurisdiction as a direct result of the Plaintiff not attaching to the Notice of Appeal', 'a copy of the order for which the Plaintiff was appealing'.

'Wherefore', 'the actions of the Defendants in arbitrarily and intentionally denying the Plaintiff's request to obtain', 'either "his" original legal mail document', 'or physical photocopies

thereof', 'was', 'and is', 'the approximate cause of the Plaintiff sustaining said injury', 'and said <u>approximate cause was the direct result of the Charlotte County Jail's Unconstitutional Legal Mail Policy</u>'.

<u>'In the instant-complaint', 'said actual injury by the Defendants against the Plaintiff has directly resulted in' 'the frustrating and impeding' 'of the Plaintiff's First Amendment right to access the appellate court in case number 6D23-2709', 'in direct violation of the Constitution of the United States'.</u>

<u>Arguement</u>

## FIRST AMENDMENT FREEDOM OF SPEECH

'The First Amendment provides', 'in pertinent part', 'that', "Congress shall make no law ... abridging the freedom of speech ..." <u>U.S. Const., amend. 1</u>', 'By incorporation through the Fourteenth Amendment', 'the Freedom of Speech Clause of the First Amendment applies to the states'. 'See' '<u>Manhattan Cmty. Access Corp. v. Halleck</u>', '139 S. Ct. 1921 at 1928' (2019). "[I]mprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First

JCA #28567

Amendment." 'Beard v. Banks', '548 U.S. 521 at 528, 126 S.Ct. 2572, 165 L.Ed. 2d 697' (2006). "But at the same time the Constitution sometimes permits greater restrictions of such rights in a prison than it would elsewhere." Id. at 528. 'Also see' Turner v. Safley', '482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed. 2d 64' (1987). "[P]risoners do not forfeit their First Amendment rights to use the mails." 'Bieregu v. Reno', '59 F.3d 1445 at 1452' (3d Cir. 1995).

'In a case', 'almost identicle in issue to the instant-complaint', 'the court', 'in Thompson v. Ferguson', 'No. 19-4580', '2020 WL 7872629 at 9' (E.D. Pa. Dec. 31, 2020), "specifically found that a prisoner challenging the same 2018 Mail Policy.. 'plausibly alleged that the application of this policy to his legal mail violated his First Amendment freedom of speech'. [Id. at 9] As explained in Thompson, 'the purpose of opening mail in an inmate's presence is to ensure that prison officials will not read the mail'. Id. However, '[a] DOC practice of keeping a copy of an inmate's privilaged mail presents the same risk of to confidentiality as opening the mail outside the inmate's presence: 'the risk that DOC officials will read an inmate's legal mail', 'despite policies prohibiting such behavior'. Id.

PRO SE    JCA #28567    PRO SE

While the 2018 Mail Policy, 'required DOC officials to open legal mail in the inmate's presence', ' the policy to photocopy the legal mail and retain the original legal mail outside the inmate's presence presents a risk of chilling inmates' confidential', 'protected speech for fear that DOC officials will read the contents of the original communication'. *Id.* As a result, the Thompson court concluded that 'the prisoner had plausibly alleged that the... legal mail policy-specifically, the Defendants' creation of this policy or application of this policy to his mail from the Superior Court-infringed upon his freedom of speech'. *Id.* "<u>Walker v. Little</u>', '20-CV-4460' (E.D. Pa, Feb. 25, 2022).

JCA #28567   PRO SE

### The Plaintiff's Pleading in the Instant-Complaint

'In the instant-complaint', 'the Charlotte County Jail's Unconstitutional Legal Mail Policy' 'is almost identicle to the legal mail policy that was at issue in' <u>Walker v. Little</u>', 'supra', 'and is unconstitutional for the exact same reasons'. 'As a result', 'said policy was', 'and is', 'the <u>approximate cause</u> for the injuries against the Plaintiff's <u>First Amendment</u> right to freedom of speech that have been sustained in the instant-complaint'. 'as a direct result of the Defendant's confiscation

of the Plaintiff's privileged, 'legal mail'.

'Since the time of the occurances of the injuries and constitutional violations that have been sustained by the Plaintiff', 'as a direct result of the Defendants' Legal Mail Policy', 'the legal mail policy', 'as now pertains to the Plaintiff', 'has changed slightly', 'due to the jail's' 'belated acknowledgement', 'treatment', 'and assistance' 'of the Plaintiff as a pro se litigant with the courts'. 'In addition to the steps outlined above in' 'Paragraph 5', 'in the' 'Facts of the Case', 'the Plaintiff', 'upon request', 'is entitled to be provided with a photocopy of his original legal mail by the jail', 'but not a photocopy of his original envelope', 'which poses problems with time constraints', 'and with keeping the jail accountable with delivering mail on time'. 'To date', 'the majority of the Plaintiff's legal mail has been delivered several days', 'or more', 'later than the date of said mail's delivery by the United States Postal Service' ('up to a week late in one instance').

'Furthermore', 'said Legal Mail Policy change for jail-acknowledged pro se litigants', 'does not overcome the constitutional defficiencies that render said Legal Mail Policy unconstitutional in the first place', 'as said

change does not include the rightful transmission of the original privileged mail item ('legal mail') over to the inmate's control and possession for personal handling and safekeeping', 'and DOES NOT take said legal mail out of the unconsentual and unsupervised possession of officials at the Charlotte County Jail', 'in accordance with the inmate's <u>First Amendment</u> right to be secure in his or her constitutional guarantee to freedom of speech', 'as concerns their privileged correspondence with attorneys', 'the courts', 'and other government correspondence', 'for which the inmate's communication is privileged'.

## FIRST AMENDMENT ACCESS TO COURTS

"Prisoners have a well-established constitutional right of access to the courts. '<u>Lewis v. Casey</u>', '518 U.S. 343, 350' (1996). A claim for denial of access to court's requires a showing of actual injury, meaning that a prisoner's 'nonfrivolous legal claims challenging his sentence or conditions of confinement was frustrated or impeded'. '<u>Id</u>. at 353-55'; '<u>Monroe v. Beard</u>', '536 F. 3d 198, 205' (3d Cir. 2008). 'A prisoner alleging interference with his legal mail must demonstrate that the interference hindered his efforts to pursue

a legal claim to give rise to a claim for denial of access to the courts". <u>Oliver v. Fauver</u>', '118 F. 3d 175, 178' (3d Cir. 1997)." <u>Thompson v. Ferguson</u>", 'supra', 'at 10'.

## The Plaintiff's Pleading in the Instant-Complaint

'In the instant-complaint', 'the Defendants'' 'knowing and willful' 'violations of the Plaintiff's right to freedom of speech have not just acted to unconstitutionally tresspass upon said right', 'but have also acted to cause the Plaintiff to sustain actual injury therefrom', 'by and through the Defendants'' 'knowing and willful' 'violations of the Plaintiff's right to meaningfully access the courts'.

'In the instant-complaint', 'the Plaintiff sustained actual injury to his First Amendment right to access the court', 'when the Defendants confiscated and withheld the Plaintiff's legal mail from the Plaintiff', 'irrespective of the Plaintiff's having given to the Defendants', 'repeatedly', 'prior NOTICE of the Plaintiff's need of said legal mail for "meaningfully" litigating the Plaintiff's appeal in case number 6D23-2709',

in accordance with law'.

'Said actual injury occured when the STATE
OF FLORIDA's 'Sixth District Court of Appeal' issued
an 'Order to Show Cause' 'against the Plaintiff',
'commanding the Plaintiff to show cause why his
appeal in' case number 6D23-2709' 'should not
be dismissed for lack of jurisdiction as a direct
result of the Plaintiff having not attached the order
of the court being appealed to the Plaintiff's 'Notice
of Appeal'. 'Said failure of the Plaintiff to attach
said order to the' 'Notice of Appeal', 'was a direct
result of the Defendants' refusal to provide the
Plaintiff with a copy of the order under appeal',
'upon the Plaintiff's having made request', 'and
was "approximately caused" as a direct result
of the Defendants' Unconstitutional Legal Mail
Policy'. 'See' Exhibit 'B'.

## Claims

## CLAIM 1 - FIRST AMENDMENT FREEDOM OF SPEECH

"An inmate claiming a violation of this freedom of
speech need not allege any consequential injury

stemming from the violation because 'protection of an inmate's freedom to engage in protected communications is a constitutional end in itself'." <u>Jones v. Brown</u>, '461 F. 3d 353 at 360' (3d Cir. 2006).

'In the instant-complaint', 'the Defendants' Legal Mail Policy for processing', 'handling', 'and confiscating' 'inmates' privileged legal mail' 'has directly violated the Plaintiff's First Amendment right to freedom of speech', 'by and through the Fourteenth Amendment to the Constitution of the United States', 'chilling said speech by creating a risk to the Plaintiff's right to "confidentially" correspond with attorneys', 'and the Plaintiff's right to "confidentially" correspond with', 'and plead to', 'the courts while exercising the Plaintiff's right of access to the courts'.

'In the instant-complaint', 'the unconstitutional legal mail policy of the Defendants'' "creates a chilling effect on the Plaintiff's confidential', 'and constitutionally-protected freedom of speech for fear that 'government officials' 'on behalf of the Defendants', 'or the Defendants themselves', 'will read the contents of the original privileged correspondence that have been confiscated and kept', 'unlawfully', 'outside of the Plaintiff's 'rightful' control and possession', 'as a

PRO SE                                                                 PRO SE

JCA #28567

part of the Defendants' said unconstitutional policy of unlawfully confiscating inmates' privileged legal mail', 'without the inmates consent'.

'In the instant-complaint', 'the Defendants have' 'unconstitutionally' 'confiscated and stored' 'a total of <u>sixteen (16) seperate pieces</u>' of the Plaintiff's privileged legal mail', 'to date' ('October 3, 2023'), 'storing said privileged mail', 'outside of the Plaintiff's control', 'possession', 'and safekeeping', 'against the Plaintiff's will and without the Plaintiff's consent'. <u>'Said unconstitutional conduct of Defendants' has amounted to a total of 'sixteen (16)' 'seperate violations of the Plaintiff's First Amendment right to Freedom of Speech in the Plaintiff's' 'privileged correspondence' 'as a pretrial detainee'.</u>

## CLAIM 2 - FIRST AMENDMENT ACCESS TO COURTS

'In the instant-complaint', 'the Defendants have directly violated the Plaintiff's First Amendment right of access to courts' 'as a direct result of the Defendants' unconstitutional Legal Mail Policy'. 'Said policy being the approximate cause of the Defendants' violations against the Plaintiff's right of access to courts', 'and



PRO SE                                                                                                    PRO SE

has directly resulted in the Plaintiff ~~unjustly~~ ~~wrongfully~~ ~~the~~ sustaining' 'ACTUAL INJURY' 'against the Plaintiff's right to access the' 'STATE OF FLORIDA's' 'Sixth District Court of Appeal in <u>case number 6D23-2709</u>'. 'See' 'Exhibit 'B'.

'In the instant-complaint', 'on numerous occassions', 'the Plaintiff has requested from the' 'Defendants', 'copies of court orders' ('legal mail') 'that were unlawfully confiscated and withheld from the Plaintiff' 'as a direct result of the Defendants' 'unconstitutional' 'Legal Mail Policy', 'for the purpose of attaching said orders to the Plaintiff's' 'Notice of Appeal', 'as is prescribed by law in' <u>Fla. R. App. P., Rule 9.110 (d) (2023)</u>'.

'Specifically', 'the Plaintiff has made request for copies of the court's order for which the Plaintiff was appealing', 'and was unlawfully denied said request by the Defendants', 'in direct vidation of the Plaintiff's First Amendment right to have' 'meaningful' 'access to court', 'on':

1) 'April 24, 2023' - 'request number 15,176,523 made to Classification Department';
2) 'May ~~25~~ 2023' - 'request number 15,511,619 made to Programs Department';

USDC Complaint - Jeramy Holder

PRO SE                                                          JCA #28567       PRO SE

PRO SE

JCA #28567

3) 'May 26, 2023'- 'request number 15,535,315 made to Property Room Department'.

'On June 1, 2023', 'the Plaintiff sustained' 'ACTUAL INJURY' 'as a direct result of the Defendants'' 'knowing and willful' 'violation of the Plaintiff's right of meaningful access of courts' 'when the 'court', 'for the Sixth District Court of Appeal' 'issued an order to show cause against the Plaintiff', 'ordering him to show cause why the court should not dismiss the Plaintiff's appeal for lack of jurisdiction' ('see' Exhibit 'B') 'due to the Plaintiff not attaching the lower tribunal's order bein appealed, thereto', 'in accordance with Rule 9.110 (d)'. 'Said failure by the Plaintiff to attach said order' _WAS_ 'the direct result of the Defendants' refusal to provide the Plaintiff with copies of said order', 'as was the Plaintiff's right'.

'Wherefore', 'the Defendants have' 'knowingly and willfully' 'violated the Plaintiff's right of access to the courts in a total of' 'three' ('3'), 'seperate', 'and documented' 'incidents', 'with the result of said willful violations being the' 'approximate cause' 'of the Plaintiff sustaining' 'ACTUAL INJURY' 'in Florida 6DCA case number 6D23-2709', 'on June 1, 2023',

JCA #28567

'as evidenced by the appellate court's order of June 1, 2023 ('Exhibit B')'.

Respectfully Submitted ...